# Exhibit A

IN THE _Circuit_ COURT OF THE _First_ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

_Rickey Watson_     **PLAINTIFF**

VS.     NO. _251-13-962CIV_

_Hinds County, Mississippi et al_     **DEFENDANT**

I, BARBARA DUNN, CIRCUIT CLERK, OF THE CIRCUIT COURT IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE, AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN DOCKET BOOK NO. _13_ PAGE NO. _962_ TO WIT:

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE _27_ DAY OF _Nov_, _2013_.



BARBARA DUNN, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY _____ D.C.

IN THE CIRCUIT COURT OF HINDS COUNTY
FIRST JUDICIAL DISTRICT
STATE OF MISSISSIPPI

RICKEY WATSON,                                              PLAINTIFF

vs.                                                         CASE NO. 251-13-962CIV

HINDS COUNTY, MISSISSIPPI,
HINDS COUNTY SHERIFF'S DEPARTMENT,
DEPUTY SHERIFF RICHARD THOMPSON,
And JOHN DOES 1-5                                           DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Rickey Watson ("Plaintiff"), by undersigned counsel, and for his/her *Complaint* ("Complaint") against the above-named Defendants, Hinds County, Mississippi, Hinds County Sheriff's Department and Deputy Sheriff Richard Thompson and John Does 1-5 (collectively, the "Defendants"), alleges and states the following:

### PARTIES

1. Plaintiff resides in the City of Columbus, County of Lowndes, State of Mississippi.

2. Upon information and belief, Defendant Deputy Sheriff Richard Thompson (herein referred to as "Thompson") resides in the City of Jackson, County of Hinds, State of Mississippi and is employed as a sheriff's deputy by the Hinds County Sheriff's Department.

3. Upon information and belief the Hinds County Sheriff's Department is a political subdivision and/or agency of Hinds County, and has its principal offices or headquarters located at 407 E. Pascagoula Street in the City of Jackson, County of Hinds, State of Mississippi.

1

## VENUE AND JURISDICTION

4. This Court has been conferred jurisdiction over this action due to the acts alleged herein taking place in Hinds County, Mississippi, and the Defendants being located in Hinds County.

## RELEVANT FACTUAL BACKGROUND

5. On or about June 10, 2012, at approximately 3:00 p.m., Plaintiff was stopped for a traffic violation by Defendant Deputy Sheriff Richard Thompson for violation of the state seatbelt law, under Miss. Code Ann.

6. Miss. Code Ann. Section 63-2-7[1] maximum penalty consists of only a fine and no jail time.

7. After being stopped, Watson was arrested without a warrant and taken into custody by the Defendant Deputy Sheriff Richard Thompson and was never charged with any crime.

8. Although Defendant Thompson did inquire into Mr. Watson's possession and ownership of a firearm which was in the car, no charges were ever made against Mr. Watson. Defendants seized and retained possession of Mr. Watson's firearm, his clothes and his personal funds of $190.00 in cash without authority of law or legal basis for forfeiture.

9. Despite never being charged with any other offense other than the seatbelt violation which does not carry jail time under Mississippi law, Plaintiff Ricky

---

[1] Miss. Code Ann. provides, in relevant part: A violation of this chapter shall be a misdemeanor, punishable by a fine of Twenty-five Dollars ($ 25.00) upon conviction; ... The maximum fine that may be imposed against the operator of a vehicle for a violation of this chapter by the operator or for a violation of this chapter by one or more passengers shall be Twenty-five Dollars ($ 25.00) in the aggregate.

2

Watson was transported by Deputy Sheriff Thompson or another Hinds County Sheriff's officer to the Hinds County Jail, in Raymond, Mississippi.

10. While Plaintiff was in custody and detention at the Police headquarters, Plaintiff was processed, fingerprinted, photographed, placed in a holding cell or room, and ultimately incarcerated. Plaintiff's detention lasted for approximately seven days and nine hours.

11. Upon information and belief, Hinds County mistakenly detained Ricky Watson based on his name being so common and potentially a mistaken identity, while trying to determine if he was convicted felon in possession of a firearm. Although Watson repeatedly told Defendant Thompson that he had never been convicted of a felony, Watson was arrested without further investigation. Watson's detention became unlawful because it was unlawfully prolonged, protracted, and continued after a sufficient basis for detention no longer existed, or because the defendant knew or should have known that Plaintiff had a right to be released.

12. Defendants failed to determine that a legal basis properly existed to support the detention or continuance because it failed to reasonably investigate or conduct a review of Plaintiff's claim of mistaken identity, made while in custody or detention.

11. Although every citizen is supposed to be afforded a preliminary hearing before a neutral magistrate within 48 hours of their arrest, Plaintiff Watson was deprived of this right as well, since he never appeared before any judge or had any preliminary hearing.

12. On June 18, 2012, after seven days and nine hours, Plaintiff was finally released without any explanation for his arrest or detention, and no further criminal

3

charges or proceedings are threatened or pending against Plaintiff related to or arising from the aforementioned arrest and detention. Plaintiff Watson had to pay $374.50 to have his vehicle released from the towing service used by the Hinds County Sheriff's Department.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: UNLAWFUL ARREST, DETENTION AND CONFINEMENT

13. Plaintiff was unlawfully arrested by the Defendant Richard Thompson without a warrant and without probable cause and/or without valid and sufficient grounds to reasonably believe Plaintiff had committed, was committing, or intended to commit a crime, and Plaintiff was unlawfully detained by Defendants Hinds County, Hinds County Sheriff's Department, Deputy Sheriff Richard Thompson and John Does 1-5 at the Hinds County Detention Center without a sufficient basis or justification in law or in fact.

14. Under the facts then available, the Defendant Richard Thompson did not have an objective, good-faith belief that Plaintiff was guilty of or would be found guilty of the offense as charged, and said Defendant acted negligently, intentionally, and/or recklessly in making such arrest and undertaking said detention. No complaint, information, or indictment was ever sworn against Watson alleging offenses occurring prior to the moment Defendant Thompson handcuffed Watson and told him he was under arrest.

15. Plaintiff's arrest and detention were made and conducted under color of state law, statute, ordinance, regulation, and/or custom or usage having the force of law, and under the color of actual or apparent authority purportedly conferred upon the

Defendant Richard Thompson and such other Defendants as Deputy Sheriffs for Hinds County, Mississippi.

16. Plaintiff's arrest and detention were unlawful and unjustified, and in violation and deprivation of Plaintiff's civil rights, liberties, privileges, and immunities granted to Plaintiff under the laws of the United States, including the right to be free from unreasonable and unwarranted searches, seizures, and arrest under the Fourth Amendment of the United States Constitution, and Plaintiff's right to due process of law under the Fourteenth Amendment of the United States Constitution.

17. Plaintiff has suffered material losses, harm, injuries, and damages arising as a direct and proximate result of the aforementioned unlawful arrest and detention, including without limitation Plaintiff's deprivation of liberty and loss of personal freedom, and personal property losses, and out of pocket expenses and costs, all in such amounts to be established by Plaintiff in accordance with proof. Both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice were impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

18. Plaintiff did not in any manner procure or consent to his arrest or detention, and did nothing to cause, invite, provoke, or aggravate the aforementioned injuries and damages, whether through alleged negligence, obstructive misconduct, or otherwise.

19. In addition to the foregoing losses and damages, Plaintiff has suffered and reasonably expects to continue to suffer from loss of and damage to his personal reputation and standing in the community, including humiliation and public ridicule,

and emotional distress, all arising as a consequence of and as a direct and proximate result of said unlawful arrest and detention.

20. The continued detention of Plaintiff and failure to provide a preliminary hearing are evidence of malicious, intentional, recklessly indifferent, or other knowing conduct clearly in violation of established law, and were undertaken with wanton disregard for and in willful violation of the Plaintiff's statutory and constitutional rights.

21. By this complaint Plaintiff seeks compensation for and the full recovery of all monetary losses, damages, injuries, costs and expenses incurred and suffered by Plaintiff arising out of and/or resulting from the Defendants' violation of Plaintiff's federal constitutional rights and freedoms as alleged above. Plaintiff further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 2: FALSE ARREST AND IMPRISONMENT

22. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 21 above with the same force and effect as if herein set forth.

23. At all times relevant herein, (a) the Defendants acted with the intention of confining Watson within fixe boudaries, (b) the act directly or indirectly resulted in confinement, and (c) Watson was conscious of the confinement.

24. Defendant Thompson and other officers of the Hinds County Sheriff's Department imposed by force or threats an unlawful restraint upon his freedom of movement, to wit by arresting and handcuffing his hands behind his back, transporting him to the Hinds County Adult Detention Center where he was detained in a cell.

24. Then, under the color of state law, Defendants caused the unlawful imprisonment and consequential strip-search of Watson in the County jail.

25. As a direct and proximate result of the conduct of the Defendants, Watson suffered harm and damages including but not limited to the aforesaid damages.

26. Defendants Hinds County and Hinds County Sheriff's Department are liable under the doctrine of *respondeat superior*. For this false arrest and unlawful detention, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 3: BATTERY

27. Watson repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 26 above with the same force and effect as if herein set forth.

28. Without the consent of Watson, Defendants intentionally, harmfully, and offensively touched Watson by handcuffing him.

29. Without the consent of Watson, Defendants indirectly caused other unknown officers to intentionally, harmfully, and offensively touch Watson when chaining and shackling Watson at the detention center and while being transported.

30. Without the consent of Watson, Defendants indirectly caused an unknown corrections officer at the Hinds County jail to intentionally, harmfully, and offensively touch Watson when strip-searching, including a search of his bodily cavities.

31. Defendants Hinds County and Hinds County Sheriff's Department are liable under the doctrine of *respondeat superior*. For this battery, Plaintiff demands

judgment against Defendants for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Watson repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 31 above with the same force and effect as if herein set forth.

33. Defendants intentionally and deliberately inflicted emotional distress on Watson by maliciously prosecuting Watson, or by abusing the lawful process by unlawful purpose, or by violating Watson's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against Watson, or by interfering with Watson's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

34. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

35. The actions of the Defendants were the cause of Watson's distress.

36. Watson is a reasonable man.

37. The emotional distress sustained by Watson was severe and of a nature that no reasonable man could be expected to endure.

38. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.

39. Defendants Hinds County and Hinds County Sheriff's Department are liable under the doctrine of respondeat superior.

40. As a result of the Defendants' extreme and outrageous conduct, Watson has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

41. Plaintiff demands judgment, including interest, jointly and severally against Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

WHEREFORE PREMISES CONSIDERED, Plaintiff requests and demands judgment be entered against the Defendants, jointly and severally, as follows:

A. For all actual, compensatory, and general pecuniary damages and losses suffered by Plaintiff, in accordance with proof;

B. For all special damages and reasonably foreseeable consequential economic damages suffered by Plaintiff, in accordance with proof and as allowed or permitted by applicable law;

C. For the costs and expenses of pursuing this action, including the recovery of reasonable attorney's fees, costs, and expenses incurred by Plaintiff, as allowed or permitted by applicable law;

D. For punitive and/or exemplary damages as may be appropriate under the circumstances and as allowed or permitted by applicable law;

E. For such injunctive and/or declaratory and/or other equitable relief as may be appropriate or necessary under the circumstances; and

F. For all such other and further relief to which Plaintiff is entitled and as is just and proper in the premises.

Respectfully submitted,

RICKY WATSON

BY: _____
William P. Starks, II (MB 100072)
Attorney for Plaintiff Ricky Watson

Of Counsel:

**STARKS LAW FIRM**
P.O. Box 748
Columbus, MS 39703
301 5th Street S. Suite B,
Columbus, MS 39701
T: 662.328.4850
F: 662.798.4016
E: william@starkslaw.com

**COVER SHEET**
Case: 25CI1:13-cv-00962-JAW   Document #: 1-1   Filed: 10/28/2013   Page 1 of 2
Civil Case Filing Form
(To be completed by Attorney/Party Prior to Filing of Pleading)

Court Identification Docket #: 25 / 1 / CI
Case Year: 2013
Docket Number: 962

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts — (Rev 2009)

Month / Date / Year: 10 / 2X / 13
This area to be completed by clerk

In the **CIRCUIT** Court of **HINDS** County — **FIRST** Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: Last Name **Watson**   First Name **Rickey**

Attorney (Name & Address): **William P. Starks, II**   MS Bar No. **100072**

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Business: **Hinds County, Mississippi**

**Nature of Suit** (Place an "X" in one box only)

Children/Minors - Non-Domestic:
- [X] Other **Section 1983**

IN THE __CIRCUIT__ COURT OF __HINDS__ COUNTY, MISSISSIPPI

__FIRST__ JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____ _____
           File Yr    Chronological No.   Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

Individual: __Thompson_____ __Richard_____ (_____) _____ _____
            Last Name              First Name           Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

✓ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A __Hinds County Sheriff's Department_____

**Business** _____
             Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: __Thompson_____ __Richard_____ (_____) _____ _____
            Last Name              First Name           Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

✓ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** __Hinds County Sheriff's Department_____
             Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____ _____ (_____) _____ _____
            Last Name              First Name           Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
             Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF HINDS COUNTY
FIRST JUDICIAL DISTRICT
STATE OF MISSISSIPPI

RICKEY WATSON                                                          PLAINTIFF

VERSUS                                                    CAUSE NO. 251-13-962CIV

HINDS COUNTY, MISSISSIPPI,
HINDS COUNTY SHERIFF'S DEPARTMENT,
DEPUTY SHERIFF RICHARD THOMPSON,
And JOHN DOES 1-5                                                     DEFENDANTS

## SUMMONS

To:   **Hinds County, Mississippi**
      **CO: Eddie Jean Carr**
      **316 S President St.**
      **Jackson, MS 39201**

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to William P. Starks, II, the Attorney for the Plaintiff, whose post office address is P. O. Box 748, and whose street address is 301 5th Street South, Suite B, Columbus, Mississippi 39703. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the __1__ day of __Nov__, __2013__

BARBARA DUNN
HINDS COUNTY CIRCUIT CLERK

BY: _____
        Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY
FIRST JUDICIAL DISTRICT
STATE OF MISSISSIPPI

RICKEY WATSON                                                      PLAINTIFF

VERSUS                                              CAUSE NO. 25-13-962CIV

HINDS COUNTY, MISSISSIPPI,
HINDS COUNTY SHERIFF'S DEPARTMENT,
DEPUTY SHERIFF RICHARD THOMPSON,
And JOHN DOES 1-5                                                  DEFENDANTS

## SUMMONS

To:  Sheriff Tyrone Lewis
     Hinds County Sheriff's Department
     407 E Pascagoula St.
     Jackson, MS 39201

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to William P. Starks, II, the Attorney for the Plaintiff, whose post office address is P. O. Box 748, and whose street address is 301 5th Street South, Suite B, Columbus, Mississippi 39703. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the ___ day of Nov, 2013.

BARBARA DUNN
CLAY COUNTY CIRCUIT CLERK

BY: _____
        Deputy Clerk

## IN THE CIRCUIT COURT OF HINDS COUNTY
## FIRST JUDICIAL DISTRICT
## STATE OF MISSISSIPPI

RICKEY WATSON  **PLAINTIFF**

VERSUS  CAUSE NO. 251-13-962 CIV

HINDS COUNTY, MISSISSIPPI,
HINDS COUNTY SHERIFF'S DEPARTMENT,
DEPUTY SHERIFF RICHARD THOMPSON,
And JOHN DOES 1-5  **DEFENDANTS**

### SUMMONS

To:  **Deputy Sheriff Richard Thompson**
**Hinds County Sheriff's Department**
**407 E Pascagoula St.**
**Jackson, MS 39201**

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to William P. Starks, II, the Attorney for the Plaintiff, whose post office address is P. O. Box 748, and whose street address is 301 5th Street South, Suite B, Columbus, Mississippi 39703. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under ____ of said Court, this the __1__ day of ____, 2013

BARBARA DUNN
HINDS COUNTY CIRCUIT CLERK
BY: _____
Deputy Clerk